**Johnny REYNOLDS, et al., Plaintiffs,**

v.

**ALABAMA DEPARTMENT OF TRANSPORTATION, et al., Defendants.**

**No. CIV.A. 85–T–665–N.**

United States District Court, M.D. Alabama, Northern Division.

Sept. 26, 2001.

Richard H. Gill, Copeland, Franco, Screws & Gill, PA, Julian L. McPhillips, Jr., McPhillips, Shinbaum & Gill, Rick Harris, The Glssroth Law Firm, PC, Leonard Gilbert Kendrick, Montgomery, AL, Robert F. Childs, Jr., Richard J. Ebbinghouse, Ann K. Wiggins, Abigail P. Van Alstyne, Robert L. Wiggins, Jr., Jon C. Goldfarb, Gregory O. Wiggins, Russell W. Adams, Deborah A. Mattison, Rocco Calamussa, Jr., Rebecca Anthony, Kimberly C. Page, Kell A. Simon, H. Wallace Blizzard, III, Eden J. Brown Gaines, Steven Atha, Gordon, Silberman, Wiggins & Childs, Stanley W. Logan, Berkowitz Lefkovits Isom & Kushner, C. Paige Goldman, Energen Resources Corporation, Birmingham, AL, for Johnny Reynolds, Plaintiffs.

Thomas R. Elliot, Jr., Allen R. Trippeer, Jr., C. Dennis Hughes, Stephen L. Scott, Joseph L. Cowan, II, London & Yancey, William F. Gardner, William K. Thomas, R. Taylor Abbot, Jr., Cabaniss, Johnston, Gardner, Dumas & O'Neal, Laura Ellison

Proctor, Jacquelyn D. Smith, Erica L. Baldwin, Berkowitz Lefkovits Isom & Kushner, Andrew P. Campbell, Jonathan H. Waller, David M. Loper, Amy L. Stuedeman, Cinda R. York, Campbell Waller & Poer LLC, Birmingham, AL, Robert M. Weinberg, Aclu of Alabama, William H. Pryor, Jr., Attorney General, Office of the Attorney General, Algert S. Agricola, Jr., Slaten & O'Connor, PC, David B. Byrne, Jr., Capell Howard PC, Montgomery, AL, Patrick H. Sims, Cabaniss Johnston Gardner Dumas & O'Neal, Mobile, AL, Eric D. Hoaglund, McCallum Law Firm LLC, Vestavia Hills, AL, for Jimmy Butts, Defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

On September 25, 2001, in open court, the plaintiffs, the defendants, and the Adams intervenors submitted to the court a supplemental settlement agreement signed by all parties. The agreement provides as follows:

"1. All parties consent to the contempt fine moratorium as to Articles 1, 6, 7, 9, 10, 11, 13, 15, 16, and 19 only, without the provisions of Section V.2.(b) of the plaintiff settlement agreement, and without the miscellaneous provisions of Section VI. of the plaintiff settlement agreement. The moratorium shall expire on December 19, 2001.

"2. All parties agree that plaintiffs' motion asserting that examinations may not be administered before the training and/or rotation requirements of Consent Decree I, to be filed on or before September 27, 2001, may be heard on October 22, 2001, along with the Adams Intervenors' motion for further contempt relief. All parties request a prompt ruling on such motions. To the extent plaintiffs'·motion seeks any other or alternative relief, the parties agree that such requests shall be considered at a later time.

"3. All parties agree that the dispute concerning the administration of examinations is not resolved.

"4. Plaintiffs and defendants agree to extend all deadlines contained in their settlement agreement that fall after the date of the Fairness Hearing. Such deadlines are to be reset to permit the parties the opportunity to exercise all of their rights under the original provisions of the settlement agreement.

"5. Plaintiffs and defendants agree that the Hiring Class settlement as set forth in their settlement agreement is void.

"6. All parties agree not to appeal from the Court's order approving the plaintiff and intervenor settlements.

"7. All parties agree that the settlement agreements do not create any independent rights to enforce Consent Decree I or other orders of the Court and that the plaintiffs have not consented to the creation of any such rights. The intervenors continue to maintain that they have such rights; the plaintiffs continue to maintain that the intervenors do not have such rights. The settlement agreements and this agreement do not resolve this dispute.

"8. The parties jointly request that the Court vacate its August 29, 2001 orders (Doc. Nos. 5155 and 5156) addressing the settlements as moot, without prejudice to the rights of any party."

Supplemental settlement agreement, filed on September 25, 2001 (Doc. no. 5228).

In this supplemental agreement, the parties resolved the concerns raised in the court's opinion entered on August 29, 2001 (Doc. no. 5155), by amending the plaintiffs' and the Adams intervenors' settlements in ways so that *all parties* now agree to the two settlements. In addition, the court finds that the two settlements, as modified,

are fair, reasonable, and adequate, and are not illegal or against public policy.

According, it is ORDERED as follows:

(1) The plaintiffs' and the Adams intervenors' settlements with the defendants, as modified in the supplemental settlement agreement signed by all parties on September 25, 2001 (Doc. no. 5228), are approved and adopted.

(2) The judgment and memorandum opinion entered on August 29, 2001 (Doc. nos. 5155 and 5156), are vacated, and the motions listed in said judgment are granted only to the extent that the plaintiffs' and the Adams intervenors' settlements with the defendants, as modified in the supplemental settlement agreement signed by all parties on September 25, 2001 (Doc. no. 5228), are approved and adopted.